### Wм. B. Robertson v. Wм. Spring.

Malice, and a want of probable cause must, in all cases, concur, in order to make out a case of malicious prosecution.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson*, J. *H. Duncan*, for plaintiff. *A. Hennen*, for defendant and appellant.

Duffel, J. The object of this suit is the recovery of $5000, as damages, for a malicious prosecution, *perjury*. The case was submitted to a jury, who found for the plaintiff $250, and judgment was accordingly rendered, with the addition of legal interest from judicial demand.

The defendant appealed.

The evidence shows that the plaintiff was indicted, put on his trial, and acquit-

ted of the charge of perjury. The defendant did not appear, as a witness, before the Grand Jury, who found the true bill, nor is there any proof that such finding was the result of any fraud or perjury, or that the defendant took any active part to bring about such a result, save a request, which was not then acted upon, to present the plaintiff to a Grand Jury, at a previous term of the court.

The criminal prosecution was based on the categorical answers of the plaintiff to interrogatories propounded to him by the defendant in a civil suit, and we are not prepared to say, from the evidence before us, that the unqualified answers of the plaintiff were not calculated to induce a self considered injured creditor, reasonably to advise the charge.

Malice, and a want of probable cause must, in all cases, concur, in order to make out a case of malicious prosecution. *G. A. Blass* v. *Gregor & Wilson*, 15 An. 421, and the authorities therein cited.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, and that the plaintiffs' demand be rejected with costs in both Courts.